IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER W. WILLIAMS ,

     **Petitioner,**

v.                                                       **Civil Action No. 2:16CV40**
                                                       **Criminal Action No. 2:13CR10**
                                                       **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 23, 2016, Christopher W. Williams ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 2:16CV40, ECF No. 1; Criminal Action No. 2:13CR10, ECF No. 76).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II. FACTS

Petitioner initially appeared before the Court on a criminal complaint charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). ECF No. 1. Thereafter, on March 19, 2013, Petitioner was indicted and charged with being a felon in possession of a firearm in violation of

---

[1]From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

18 U.S.C. § 922(g)(1) (Count One) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count Two). ECF No. 13. On April 10, 2013, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count One of the Indictment, charging him with being a felon in possession of a firearm. ECF No. 24. C. 922(g)(1) and 924(a)(2). ECF No. 24. On June 25, 2013, the Presentence Investigation Report ("PSR") was filed. ECF No. 28. According to the PSR, the maximum term of imprisonment was ten (10) years, pursuant to 18 U.S.C. § 922(g)(1). Id. at ¶ 115. Furthermore, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") Chapter 5, Part A, based on a total offense level of 25 and a criminal history category of III, the guideline range for imprisonment was 70 to 87 Months. Id. ¶ 116. ¶ 58 of the PSR provided in pertinent part as follows: "Chapter Four Enhancements. None." In addition, Petitioner was not an armed career criminal pursuant to 18 U.S.C. § 925(e)(1).

On July 1, 2013, Petitioner was sentenced to 70 months incarceration for Count 1. ECF No. 29. Petitioner's direct appeal was dismissed as untimely on March 24, 2014. ECF No. 42. On May 19, 2014, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 44. On March 11, 2015, the § 2255 Motion was denied and dismissed with prejudice. ECF No. 75.

On June 8, 2016, the Fourth Circuit Court of Appeals granted the Petitioner's § 2244 motion and authorized him to file a second or successive § 2255 motion. In his current Motion to Vacate under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], he is entitled to be resentenced.

### III. ANALYSIS

---

[2] 135 S.Ct. 2551 (2015).

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in U.S.S.G. § 4B1.2 which, since at least 2000, has contained the same language as the ACCA which was struck down as unconstitutional in Johnson. See In re Hubbard, ___ F.3d ___, 2016 WL 318417 (4th Cir. June 8, 2016). Although the Court did not find the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Beckles v. United States, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

In the instance case, Petitioner was not sentenced as a career offender, and therefore, § 4B1.2(a)(2) was not applied directly. Rather, it would appear that Petitioner is arguing that his base offense under §2K2.1 of the U.S.S.G. was set at 20 upon a finding that:

> The defendant committed any part of the instant offense subsequent to sustaining one felony conviction or either a crime of violence or a controlled substance offense.

U.S.S.G. §2K2.1(A).

As used in this section of the sentencing guidelines, "crime of violence' has the meaning given that term in § 4B1.2, the provision addressed in Hubbard and which will be addressed in Beckles,

The Court notes that there are several provision of the sentencing guidelines which reference §4B1.2 for purposes of defining "crime of violence." However, even if the Supreme Court extends the reasoning of Johnson to career offenders and addresses those additional guideline provisions, Petitioner would not be entitled to relief.

A review of the PSR establishes that Petitioner was convicted in the Circuit Court of Cabell County, West Virginia on March 26, 1994 for burglary. The PSR provides the following pertinent information:

> According to court documents, Harold Bellows advised the police that his home had been broken into and property removed. An investigation determined that the defendant had broken into the home and removed property belonging to Mr. Bellows. This property was subsequently found in the residence of the defendant's wife (separated). When questioned, the defendant admitted that he had burglarized the residence of Mr. Bellows.

ECF No. 28, ¶ 69.

As previously noted, § 4B1.2 defines the term "crime of violence" to include burglary of a dwelling. Therefore, Petitioner's conviction in the Cabell County Circuit Court is an enumerated crime of violence and does not rely on the residual clause. Accordingly, his argument that Johnson renders his sentence invalid lacks merit.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

[Civil Action No. 2:16CV40, ECF No. 1; Criminal Action No. 2:13CR10, ECF No. 76] be **DENIED** and **DISMISSED.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 9, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE